# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0391V
UNPUBLISHED

| | |
|---|---|
| CAITLIN O'DONOGHUE,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: May 9, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Meningococcal Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jonathan Joseph Svitak*, Shannon Law Group, Woodbridge, IL, for Petitioner.

*Andrew Henning*, U.S. Department of Justice, Washington, DC, for Respondent.

### **RULING ON ENTITLEMENT**[1]

On April 6, 2020, Caitlin O'Donoghue filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving two meningococcal vaccines in her right deltoid on July 24, 2018.[3] Petition at 1, ¶¶ 2, 14, 17. In the alternative, Petitioner alleges that her shoulder injury was caused-in-fact by the meningococcal vaccines she received. *Id.* at 2, 15, 18. Petitioner further alleges that she received the

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] On July 24, 2018, Petitioner also received a human papillomavirus ("HPV") vaccine in her left deltoid. Exhibit 7 (Part 1) at 17. It appears that, believing this vaccine also may have been administered in her right deltoid, Petitioner included allegations of a Table SIRVA or caused-in-fact injury following the receipt of the HPV vaccine. Petition at ¶¶ 20-21. However, the vaccine record clearly shows the HPV vaccine was administered in Petitioner's left deltoid. Exhibit 7 (Part1) at 17.

vaccines in the United States, that she suffered the residual effects of her SIRVA for more than six months, and that neither she nor any other party has filed a civil case or received compensation for her SIRVA injury. Petition at ¶¶ 2, 12, 22. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 9, 2022, Respondent filed his Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent has concluded "that [P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for SIRVA." *Id.* at 4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
