# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0391V
(not to be published)

| | |
|---|---|
| CAITLIN O'DONOGHUE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 24, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates; Administrative Billing |

*Jonathan Joseph Svitak*, Shannon Law Group, Woodbridge, IL, for Petitioner.

*Andrew Henning*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

    On April 6, 2020, Caitlin O'Donoghue filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that she suffered a shoulder injury related to vaccine administration, a defined Table injury, after receiving two meningococcal vaccines in her right deltoid on July 24, 2018. Petition at 1, ¶¶ 2, 14, 17. On August 17, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 46.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 26, 2022 (ECF No. 51), requesting a total award of $27,567.68 (representing $26,089.90 in fees and $1,477.78 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 3. Respondent reacted to the motion on October 26, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 52. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

# ATTORNEY FEES

### A. Hourly Rates

Petitioner requests compensation for his attorney, Jonathan Svitak, at the following rates: $255.00 for time billed between 2019; $280 for time billed in 2020; $310 per hour for 2021; and $350 for time in 2022. ECF No. 51- 2 at 2. The requested rates have been previously awarded, and will be awarded in this matter as well.

### B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

It appears counsel performed a number of paralegal tasks, but seeks attorney rates for them. These tasks are as follows:

- April 30, 2020 (0.60 hrs) "Prepare photographs received from client into group exhibit, add bates-stamp for identification, update exhibit list, notice of filing";
- June 16, 2020 (0.50 hrs) "Organize final drafts of Petitioner's Affidavit, PAR Questionnaire Form, Exhibit List and notice of filing, confirm all exhibits have appropriate exhibit numbers and references";
- Jul 1, 2020 (0.10 hrs) "Confirm receipt of medical record requests at Mercyhealth for client's primary care physician"; and
- July 1, 2020 (0.30 hrs) "Draft correspondence for medical record request with specific request tailored for record of vaccination".

ECF No. 51-1 at 10.

Because the Program does not reimburse such administrative tasks at attorney-rate levels, I shall reduce the rate for these tasks to $163 per hour, which is comparable

to what a paralegal would receive. This reduces the amount of fees to be awarded by **$175.50**.[3]

### C. Administrative Time

The filed billing records also reveal several instances in which work was performed on tasks considered clerical or administrative, while being accounted for with tasks that are properly billable. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A few examples of these entries (which do not constitute an exhaustive list) include:

- February 2, 2021 (0.10hrs) "Received email from USCFC – Statement of Completion document reviewed and saved to server file";
- February 17, 2021 (0.10hrs) "Received email from USCFC – Notice of Appearance – document reviewed and saved to server file"
- February 24, 2021 (0.10hrs) "Faxed request letter with HIPPA to Mercyhealth";
- September 21, 2021 (0.10hrs) "Reviewed email form USCFC – Scheduling Order – to determine if follow up is necessary. Created follow up activity to determine status prior to the due date of 10/7/2021";
- January 31, 2022 (0.10hrs) "Draft email to law clerk to request payment of Mercyhelth billing statements. Attached invoice from Ciox. Save email to client file.";
- March 10, 2022 (0.10hrs) "Update Medical Record Assignment spreadsheet to assign client case to staff for medical record retrieval"; and
- August 19, 2022 (1.0hrs) "Adjusted Jon and Rhonda's MyCase entries to match approved rates for O'Donoghue case".

ECF No. 51-1 at 1-13.[4]

---

[3] This amount is calculated as follows: $280 - $163 = $117 x 1.5 hrs = $175.50.

[4] It is noted that entries listed as "Received email from USCFC" are billed for review by both the attorney and paralegals. Duplicate billing entries are inadmissible and will be treated as administrative entries for purposes of reductions in this decision.

As the program does not reimburse such administrative tasks at all, I will reduce the request for costs by **$799.40**.[5]

## ATTORNEY COSTS

Petitioner requests $1,477.78 in overall costs. ECF No. 51-3. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby **GRANT IN PART** Petitioner's Motion for attorney's fees and costs. I award a total of **$26,592.78** (representing $25,115.00 in fees and $1,477.78 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] This amount consists of ($172 x 3.7 hrs = $636.40) + ($163 x 1hr = $163) = $799.40.
[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.